UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE BROWN,

    Petitioner,

v.                                             Case No. 05-72156

KENNETH T. McKEE, Warden Bellamy       Honorable Patrick J. Duggan
Creek Correctional Facility,

    Respondent.
_____/

## ORDER GRANTING CERTIFICATE OF APPEALABILITY

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 16, 2007.

PRESENT:     THE HONORABLE PATRICK J. DUGGAN
                       U.S. DISTRICT COURT JUDGE

Eugene Brown ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which this Court subsequently denied on July 17, 2007. Petitioner seeks to appeal the Court's decision with respect to the issues presented in his habeas petition. He therefore filed a motion on August 15, 2007, seeking a certificate of appealability from this Court pursuant to 28 U.S.C. § 2253(c).

Section 2253 provides that a certificate of appealability may issue only if a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). As the Supreme Court has stated:

> ". . . the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further."

*Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 3394 n.4 (1983) (quoting *Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980))(emphasis added and internal citation and quotation marks omitted). As the Supreme Court more recently stated, "[w]here a district court has rejected the constitutional claim on the merits, the showing required to satisfy 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000).

This Court dismissed Petitioner's application for a writ of habeas corpus on its merits. Petitioner raised two claims in support of his petition. First, Petitioner argued that his trial counsel was ineffective for failing "to investigate and raise the issue of competency to stand trial and to waive his Miranda rights and the defense of insanity . . . ." (Doc. No. 38, Rep. Br. at 4.) Within this first claim, Petitioner also argued that his trial counsel was ineffective for failing to present any defense whatsoever. Second, Petitioner asserted that he was denied his constitutional right to due process of law when the Michigan Court of Appeals denied his motion to remand the case to conduct an evidentiary hearing on his ineffective assistance of trial counsel claim. Ultimately, this Court concluded that Petitioner was not entitled to habeas relief on either of his claims.

While the Court continues to believe that Petitioner is not entitled a writ of habeas corpus for the reasons set forth in its Opinion and Order of July 17, 2007, the Court believes that Petitioner's first claim for ineffective assistance of trial counsel for failure to investigate and raise the issue of competency to stand trial and the defense of insanity may be "debatable among jurists of reason." For this reason, the Court does not believe that Petitioner should be denied the opportunity to seek appellate review of these issues. Nonetheless, the Court does not find the remaining issues raised in the petition debatable among jurists of reason.

Accordingly, the Court holds that Petitioner is entitled to a certificate of appealability with respect to the following issue, only:

> (1) Whether Petitioner's Sixth Amendment right to effective assistance of trial counsel was violated when his trial counsel failed to investigate and raise the issue of competency to stand trial and the defense of insanity.

**IT IS SO ORDERED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Gerald F. Posner, Esq.
Raina I. Korbakis, Esq.

Eugene Brown
#337830
Oaks Correctional Facility
1500 Caberfae Highway
Manistee, MI 49660